537 So.2d 1025 (1988)
NEW ENGLAND INSURANCE COMPANY, Appellant,
v.
INTERNATIONAL BANK OF MIAMI, N.A., Appellee.
No. 88-551.
District Court of Appeal of Florida, Third District.
December 20, 1988.
Rehearing Denied March 2, 1989.
Bailey, Dawes & Hunt and Kathy J. Bible and Mercedes C. Busto, Miami, for appellant.
Tew, Jorden & Schulte and W. Barry Blum and John Schulte, Miami, for appellee.
Before BASKIN and JORGENSON, JJ., and WARREN H. COBB, Associate Judge.
BASKIN, Judge.
Appellant New England Insurance Company asks us to revisit issues already decided in a previous appeal. New England Ins. Co. v. International Bank of Miami, N.A., 514 So.2d 390 (Fla. 3d DCA 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988). We decline to do so. Even though it consists only of citations of authority without further explanation, a per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not. Rogers v. State ex rel. Bd. of Pub. Instruction of Alachua County, 156 Fla. 161, 23 So.2d 154 (1945); see also South Fla. Hosp. Corp. v. McCrea, 118 So.2d 25 (Fla. 1960); Red Carpet Corp. v. Roberts, 443 So.2d 377 (Fla. 1st DCA 1983), review denied, 488 So.2d 68 (Fla. 1986); State Comm'n on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA), review denied, 436 So.2d 101 (Fla. 1983); cf. Dade County Classroom Teachers' Ass'n v. Rubin, 238 So.2d 284 (Fla. 1970) (matters inherent in district court's opinion become part of the law of the case), cert. denied, 400 U.S. 1009, 91 S.Ct. 569, 27 L.Ed.2d 623 (1971); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982) (matters implied in district court's opinion become part of the law of the case). A subsequent presentation of proof regarding an issue already decided does not introduce a different issue. Cf. Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987) (although issue framed differently on second appeal, as long as facts and parties upon which the first decision was based remain the same, the law of the case doctrine applies to preclude second appeal); Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968) (law of the case applies between same parties concerning same agreement and same issues as in first appeal, if the facts before the court are the same as *1026 those in the first appeal). Appellant is not permitted a second appeal on issues decided in a previous appeal. Westinghouse Elec. Corp. v. Carol Fla. Corp., 154 So.2d 339 (Fla. 3d DCA), cert. denied, 157 So.2d 819 (Fla. 1963).
AFFIRMED.