LETTS, Judge.
The trial judge terminated permanent alimony on the basis that circumstances had changed and that the wife had no further need for support. We reverse.
The change in circumstances arose principally because of the sale of the husband’s business, in which his wife owned twenty percent of the stock, and from which sale he netted over $2 million and his wife netted $639,000. The husband concedes he has the ability to continue the alimony payment.
We need not address the question of whether such a sale would indeed constitute a change in circumstances justifying termination of alimony simply because the husband executed an agreement that it would not. At the time of the sale, which required the wife’s acquiescence to conclude, the husband signed a release in which he agreed not to seek modification of alimony by reason of the sale.
*848 It is not contended that this release contract was invalid or secured by fraud or overreaching. As a consequence, we hold that the trial judge was in error, and reverse and remand with directions to reinstate the alimony according to the terms of the original property settlement agreement between the parties.
REVERSED AND REMANDED.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.