625 So.2d 1236 (1993)
Shirley A. SLOANE, Appellant,
v.
Robert Donald SLOANE, Appellee.
No. 91-1983.
District Court of Appeal of Florida, Fourth District.
August 18, 1993.
Rehearing and/or Clarification Denied November 17, 1993.
Wayne Kaplan, Kaplan & Gaylord, P.A., Boca Raton, for appellant.
John G. Jordan, Berryhill, Avery, Williams & Jordan, P.A., Ft. Lauderdale, for appellee.
PER CURIAM.
This case is before us because the parties cannot agree on the meaning of our prior opinion in the case, Sloane v. Sloane, 597 So.2d 847 (Fla. 4th DCA), rev. denied, 609 So.2d 40 (Fla. 1992). We held that the trial court had erred in terminating the wife's permanent alimony and reversed and remanded directing the trial court to reinstate the alimony in accordance with the original *1237 property settlement agreement. We did not address another issue the wife raised, which was that she should have been awarded attorney's fees for services rendered in the trial court.
On remand the wife took the position that we had not ruled on attorney's fees and that the trial court should award them. The husband argued on remand that he should not have to pay back alimony, only that due from when our decision became final.
The trial court ordered the husband to pay back alimony, and the husband then filed a motion to enforce mandate in this court, seeking clarification of that issue. This court entered an order which simply granted the husband's motion to enforce mandate, and the wife timely moved for clarification or rehearing, arguing that our granting of the husband's motion to enforce mandate was inconsistent with our opinion reinstating the original property settlement agreement. We now recognize that the wife is correct. We therefore withdraw our order granting the husband's motion to enforce mandate and affirm the trial court's order requiring the payment of back alimony.
We do not agree with the wife that she can still seek attorney's fees for services rendered in the trial court prior to our opinion reversing. The wife raised two points on that appeal. The fact that we did not discuss one of the issues does not mean we did not affirm that issue. New England Ins. Co. v. International Bank of Miami, N.A., 537 So.2d 1025 (Fla. 3d DCA 1988) (a per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not).
KLEIN, J., and DOWNEY, JAMES C., Senior Judge, concur.
SCHWARTZ, ALAN R., Associate Judge, dissents in part with opinion.
SCHWARTZ, ALAN R., Associate Judge, dissenting in part.
I dissent only from the denial of the wife's motion for pre-reversal attorney's fees. In my judgment, our vindication of her position on appeal in Sloane v. Sloane, 597 So.2d 847 (Fla. 4th DCA), rev. denied, 609 So.2d 40 (Fla. 1992), necessarily implied her entitlement to those fees.