673 So.2d 521 (1996)
Gustavo PRIETO, Petitioner,
v.
UNION AMERICAN INSURANCE CO., et al., Respondents.
No. 95-2941.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Rehearing Denied June 5, 1996.
*522 Jose de la O; Arnold R. Ginsberg and Todd R. Schwartz, Miami, for petitioner.
Ratiner & Glinn; Hightower and Rudd and Frances Fernandez Guasch, Miami, for respondents.
Before NESBITT, LEVY and GERSTEN, JJ.
NESBITT, Judge.
By petition for writ of certiorari, Gustavo Prieto seeks review of a discovery order. We grant the petition and quash the order under review.
Monica Sanchez sued Gustavo Prieto for motor vehicle negligence. Prieto was liability insured with Union American Insurance Company (Union), however, his coverage was limited to $10,000. Union appointed counsel for Prieto and defended the underlying suit through verdict and judgment in Sanchez's favor. Post-excess judgment, Sanchez brought this action against Union for bad faith. At issue is her allegation that Union failed to act with due regard for Prieto's interests in defending the suit rather than attempting in good faith to settle. Union denies that settlement was possible.
During the course of Union's deposition of Prieto, Union attempted to discover the substance of his communications with appointed counsel in the underlying suit. Prieto's counsel raised attorney-client privilege wherein the following exchange occurred.
Union's Counsel: Do you refuse to allow him to answer any questions about the conversation with his lawyer?
Petitioner's Personal Counsel: Yes, sir.
Union Counsel: We'll certify that. And you would continue to object to any questions I had along that line?
Petitioner's Personal Counsel: It's a continuing objection.
Union, however, proceeded to question Prieto about his conversations with his lawyers. Prieto's counsel persistently objected. As the questioning continued, it turned to communications and correspondence sent by Union, in response to which Prieto stated, "[I]t was my choice whether I retained an attorney. That's the reason why I called [attorney] Gil." Prieto also testified that he took letters sent by Union to Gil's office and signed them there, and that Gil "probably" explained the documents to him. Prieto's counsel then objected and again instructed his client not to answer any questions regarding conversations with his attorneys.
Following the deposition, Union filed a motion to require response to questions. At a hearing which followed, Union's counsel for the first time argued that Prieto had made voluntary disclosures during his deposition which waived the attorney-client privilege. The trial court subsequently rendered an *523 order finding Prieto had waived the attorney-client privilege, and ordering that Union be allowed to depose Prieto's attorneys "and inquire as to their conversations with Mr. Prieto." The instant petition followed.
Waiver imports the intentional relinquishment of a known right. See Smith v. Armour Pharmaceutical Co., 838 F.Supp. 1573 (S.D.Fla.1993) (waiver of attorney-client privilege must be intentional); see also Brookings v. State, 495 So.2d 135, 139 (Fla. 1986) ("mere fact that a witness-client testifies to facts which were the subject of consultation with counsel is no waiver of the privilege."). The transcript shows an unequivocal assertion of privilege with a confused Prieto, at times, blurting out a few statements, before the interpreter on hand could even finish translating the objections of Prieto's counsel or his instruction to Prieto not to respond. Thus we conclude that in the instant case, Prieto did not waive the attorney-client privilege by the limited statements he made.
Accordingly, the petition for certiorari is granted, the order under review is quashed, and the cause is remanded.