715 So.2d 1033 (1998)
Alphonsia CANTY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-796.
District Court of Appeal of Florida, First District.
July 27, 1998.
Alphonsia Canty, Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Alphonsia Canty (Canty) appeals the denial of his second motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
A jury found Canty guilty of attempted first-degree premeditated murder. Canty committed this crime on October 24, 1982, in Duval County, while he was on parole from a ninety-nine year sentence for armed robbery. The trial judge sentenced Canty, an habitual felon, to one hundred years, reciting the fact that Canty shot his unarmed victim in the abdomen and, after the victim fell to the ground, stood over the victim and shot the victim in the head at point blank range. The judge retained jurisdiction for the first twenty-five years of Canty's sentence. Canty's direct appeal was affirmed per curiam. Canty v. State, 458 So.2d 275 (Fla. 1st DCA 1984).
Canty filed the instant motion on October 1, 1997. The trial judge, in a January 8, 1998 order, summarily denied the motion. Canty argues that his sentence is illegal; he however admits on the face of his motion that he raised this issue in his first postconviction motion. See Canty v. State, 636 So.2d 509 (Fla. 1st DCA 1994) (affirming per curiam) (table). This issue thus is barred by the law of the case: A per curiam decision even without opinion establishes the law of the case on the same issue and facts which were raised, or which could have been raised. White v. State, 651 So.2d 726, 726 (Fla. 5th DCA 1995) (holding same), approved on other grounds, 666 So.2d 895 (Fla. 1996).
Canty argues that his sentence is illegal under State v. Gray, 654 So.2d 552 (Fla. 1995) (holding that attempted felony murder is no longer a crime in Florida). Canty was convicted of attempted premeditated, rather than felony, murder; Gray thus is inapplicable to him.
*1034 Canty argues that his lawyer was ineffective for failing to raise the Gray issue. The Florida Supreme Court however tells us that "counsel's failure to raise a nonmeritorious issue is not ineffective assistance." Chandler v. Dugger, 634 So.2d 1066, 1068 (Fla.1994).
The trial judge correctly denied Canty's rule 3.850 motion. We affirm the judge's order.
ERVIN and JOANOS, JJ., concur.