729 So.2d 412 (1999)
Rolando BARRERO, Appellant,
v.
OCEAN BANK, Appellee.
No. 98-141.
District Court of Appeal of Florida, Third District.
February 17, 1999.
Rehearing Denied May 5, 1999.
*413 Tew Cardenas Rebak Kellog Lehman DeMaria & Tague and Humberto H. Ocariz, Miami, for appellant.
Louis K. Nicholas, II, Miami, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
GREEN, J.
This is an appeal from an order awarding trial and appellate attorney's fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (1995). We affirm the appellate attorney's fees award but reverse the trial attorney's fees and cost award.
In May 1995, appellant Rolando Barrero, the plaintiff below, filed suit against appellee Ocean Bank (or "the bank"), for the bank's alleged failure to sell him a parcel of real property pursuant to an agreement. On February 29, 1996, Ocean Bank served its offer of judgment on Barrero pursuant to section 768.79[1] wherein it agreed to settle this suit for $500. Barrero did not accept this offer. Ocean Bank was ultimately awarded a final summary judgment in this action on August 9, 1996. The trial court did not reserve jurisdiction to award attorney's fees and costs in this final judgment. On September 24, 1996, and more than thirty (30) days after entry of the final judgment, Ocean Bank filed a motion for its trial attorney's fees and costs pursuant to the offer of judgment statute. On that same date, Barrero sought appellate review of the final summary judgment with our court. During the pendency of the appeal, the parties stipulated to the trial court's entry of an agreed order reserving jurisdiction for the trial court to determine entitlement to and the appropriate amount of attorney's fees and costs at the conclusion of the appeal.[2]
This court ultimately affirmed the final judgment entered on Ocean Bank's behalf in a per curiam decision, see Barrero v. Ocean Bank, No. 96-2540, 727 So.2d 930 (Fla. 3d DCA 1997), and awarded the bank its reasonable appellate attorney's fees and costs pursuant to its timely request for the same[3] and without objection from Barrero. In an order dated June 4, 1997, we remanded this cause to the trial court for its determination of a reasonable appellate attorney's fee and cost award.
*414 Thereafter, on October 31, 1997, an evidentiary hearing was commenced in the lower court on Ocean Bank's request for both trial and appellate attorney's fees and costs. At the conclusion of Ocean Bank's expert presentation as to its reasonable fees and costs, Barrero's counsel attempted to raise the issue of the bank's entitlement to fees and costs, but in an apparent effort to avoid undue inconvenience to the experts who were present for the hearing, the court directed Barrero's counsel to defer making his entitlement argument until the experts had completed their testimony.[4] Barrero's counsel then proceeded to cross-examine Ocean Bank's expert fee witness. The hearing was thereafter continued until December 15, 1997, due to the unavailability of Barrero's expert witness.
When the evidentiary hearing resumed on December 15, 1997, Barrero's counsel again raised the issue of Ocean Bank's entitlement to fees and costs, arguing, among other things, the untimeliness of the bank's motion for trial attorney's fees and costs where the court had not reserved jurisdiction to entertain a motion for fees and costs in the final summary judgment and the motion was filed more than thirty (30) days after rendition of the judgment. Alternatively, Barrero argued the lack of good faith of the offer of judgment as grounds for the disallowance of fees and costs. The trial court concluded that Barrero had waived his right to challenge the timeliness of Ocean Bank's motion for fees and costs where he had: (1) not initially raised his challenge to the bank's entitlement to fees and costs in a responsive pleading or motion to Ocean Bank's motion for fees; (2) entered into an agreed order after the final summary judgment with the bank for the court to reserve ruling on the issue of the bank's entitlement to and amount of fees and costs pending the outcome of the appeal; and (3) not raised the issue of the bank's entitlement to the fees until after his presentation on the merits of the petition for fees at the evidentiary hearing below. The lower court thus awarded Ocean Bank its reasonable trial and appellate attorney's fees and costs.
On this appeal, Barrero takes no exception to the amount of fees and costs awarded by the trial court but asserts that under the circumstances of this case, the trial court erred in its determination that he had waived his challenge to Ocean Bank's entitlement to fees and costs. We agree with Barrero that under the circumstances of this case, he did not waive his right to challenge the timeliness of the bank's request for trial attorney's fees and costs, however, we conclude that he did waive his right to challenge the bank's entitlement to appellate attorney's fees and costs.
We first dispose of the issue of appellate attorney's fees and costs because, without question, the bank's motion for such fees pursuant to its offer of judgment was timely filed with this court. See Fla. R.App. Pro. 9.400(b); see also Salley v. City of St. Petersburg, 511 So.2d 975, 976 (Fla.1987); Joseph Land & Co. v. Green, 486 So.2d 87, 87 (Fla. 1st DCA 1986); Philip J. Padovano, Florida Appellate Practice § 20.6, at 360 (2d ed.1997). It is further undisputed that Barrero never interposed any objection nor challenge to the bank's entitlement to appellate attorney's fees and costs, pursuant to its offer of judgment, during the prior appeal of the final summary judgment. Our prior order finding the bank to be entitled to its appellate attorney's fees and costs necessarily became the law of the case so as to preclude the relitigation of this issue.[5]See *415 Canty v. State, 715 So.2d 1033, 1033 (Fla. 1st DCA 1998); Sloane v. Sloane, 625 So.2d 1236, 1237 (Fla. 4th DCA 1993); New England Ins. Co. v. International Bank of Miami, N.A., 537 So.2d 1025, 1025 (Fla. 3d DCA 1988). We therefore find no error with the trial court's assessment of reasonable appellate attorney's fees and costs entered in accordance with this court's mandate and affirm the same.
We do find error, however, with the lower court's imposition of trial attorney's fees and costs pursuant to the offer of judgment statute. Under the two provisions of this statute, a party is essentially entitled to an award of attorney's fees if that party has served an offer that is 25% more or less than the ultimate judgment, provided the motion for fees has been timely made. See T.G.I. Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). In this case, Ocean Bank's motion for attorney's fees and costs was filed more than thirty (30) days after entry of the final summary judgment and the court did not retain jurisdiction to entertain a motion for fees and costs in this final judgment. As such, it was clearly untimely under section 768.79(6). See Gulliver Academy, Inc. v. Bodek, 694 So.2d 675, 678 (Fla.1997) (holding "[a]bsent a reservation of jurisdiction in the final judgment, a motion for attorney's fees based upon section 768.79 must be filed within thirty (30) days or the entitlement to such fees is waived unless there is a basis for relief under Florida Rules of Civil Procedure rule 1.090(b)(2)."); Bosch v. Hajjar, 639 So.2d 1096, 1097 (Fla. 4th DCA 1994).
In Gulliver Academy, the supreme court affirmed the principle that the thirty (30) day time limitation contained in section 768.79 is procedural in nature and thus, governed by the Florida Rules of Civil Procedure. 694 So.2d at 676. Rule 1.090(b)[6], Florida Rules of Civil Procedure permits a court to enlarge a time period prescribed by the rules for cause shown: (1) with or without notice if the request is made before the expiration of the period originally prescribed; or (2) subject to limited exceptions, with notice upon motion made after the expiration of the period if the failure to act was the result of excusable neglect. Id. Consequently, the supreme court found a timely reservation of jurisdiction in a final judgment to procedurally be an enlargement of time under Rule 1.090(b), thus allowing a party to file a late motion for attorney's fees without a showing of excusable neglect. Gulliver Academy, 694 So.2d at 677. "Excusable neglect is only a necessary finding if the reservation of jurisdiction occurs after the thirty-day time requirement." Id. at 677 (footnote omitted).
In this case, Ocean Bank's motion for trial attorney's fees and costs was not filed within thirty (30) days of the final judgment and the court did not otherwise enlarge this time limitation by reserving jurisdiction in the final judgment. Moreover, the parties' subsequent stipulated order for the court to retain jurisdiction to entertain the issue of the bank's entitlement to fees also occurred more than thirty (30) days after the final judgment. Thus, in the absence of a finding of excusable neglect, the bank must be deemed to have waived its right to seek trial attorney's fees and costs. To its credit, the bank candidly conceded below and to us on this appeal that it could offer no showing of excusable neglect for its failure to timely act. The bank's motion for such fees should have thus been denied.
*416 Rather than denying the bank's motion as untimely, however, the trial court concluded that Barrero had waived his right to challenge the timeliness of the bank's motion. A "[w]aiver imports the intentional relinquishment of a known right." Prieto v. Union Am. Ins. Co., 673 So.2d 521, 523 (Fla. 3d DCA 1996); see also Abamar Housing and Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276, 278 (Fla. 3d DCA), review denied, 704 So.2d 520 (Fla.1997). We cannot agree that the record before us evinces a waiver on the part of Barrero. First of all, in the parties' stipulated order of February 19, 1997, they specifically agreed that the court would retain jurisdiction to address the issue of the bank's entitlement to trial attorney's fees and costs subsequent to the first appeal. Moreover, the transcript of the initial evidentiary hearings below clearly reflect Barrero's attempt to challenge Ocean Bank's entitlement to fees and costs. It was only at the court's insistence that he delayed his legal argument regarding this issue until the end of the evidentiary hearing.
For these reasons, we affirm the court's award of appellate attorney's fees and costs but reverse the award of trial fees and costs.
Affirmed in part and reversed in part.
NOTES
[1] This statute states in relevant part that:

(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award.
* * * * * *
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
* * * * * *
§ 768.79(6)(a), (7)(a), Fla. Stat. (1995)
[2] Specifically, the order dated February 19, 1997, reads in relevant part:

THIS CAUSE, having come before the Court for hearing on February 18, 1997, pursuant to notice, on "Ocean Bank's Motion for Attorney's Fees and Costs," and the parties having agreed to the entry of this Order, it is hereby: ORDERED AND ADJUDGED, that the Court reserves jurisdiction to determine entitlement to and the appropriate amount of attorney's fees and costs, as set forth in the Defendant's motion, until the conclusion of the appeal of this case.
* * * * * *
[3] The bank's asserted basis for such fees and costs was its offer of judgment.
[4] At the conclusion of Ocean Bank's presentation of its evidence as to reasonable fees and costs, the following transpired:

[COURT]: Okay. Any questions?
[BARRERO'S COUNSEL]: From me? Actually, if I could just reserve on that for a minute, because I wanted to talk first about their entitlement, whether they are entitled to get attorney's fees or not, before we get into the reasonableness of what they are requesting.
[COURT]: Okay. Well, why don't you save that for argument, which we may defer until after your attorney fee expert testifies. I don't want to waste the time of the people that may not need to come back next time, like Mr. Wakshlag.
* * * * * *
[5] The bank also correctly points out that the doctrine of res judicata would similarly foreclose the relitigation of the issue of appellate attorney's fees and costs. See Thomas v. Perkins, 723 So.2d 293, (Fla. 3d DCA 1998); Gomez-Ortega v. Dorten, Inc., 670 So.2d 1107, 1108 (Fla. 3d DCA 1996); Utterback v. Starkey, 669 So.2d 304, 305 (Fla. 3d DCA 1996).
[6] This rule provides:

(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of the court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
Fla. R. Civ. Proc. 1.090(b).