734 So.2d 429 (1999)
Floriselva SILVA, Appellant,
v.
U.S. SECURITY INSURANCE COMPANY, Appellee.
No. 98-1503.
District Court of Appeal of Florida, Third District.
April 14, 1999.
Fernando F. Freire, Miami; Barbara Green, Miami, for appellant.
Michael Nuzzo, Miami; Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Fort Lauderdale, and David B. Pakula, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.
PER CURIAM.
We have for review Silva v. U.S. Security Insurance Co., No. 94-38 (Fla. Dade Cty. Ct. May 28, 1998), wherein the county court certified the following question as one of great public importance:
DOES SECTION 768.79 CONFLICT WITH SECTIONS 627.428(1) AND 627.736(8)?
Although this court has jurisdiction, upon closer review, we find that we are not in a position to reach the merits of this question, given the procedural posture in which this issue arrives to us. Accordingly, we affirm the order under review. We hasten to emphasize, however, that our affirmance of this order represents neither an affirmative or negative response to the question posed.
*430 This is the second appearance of this case before this court. See U.S. Security Ins. Co. v. Silva, 693 So.2d 593 (Fla. 3d DCA), review denied, 700 So.2d 687 (Fla. 1997) ("Silva I"). As the facts giving rise to this litigation are adequately set forth in Silva I, we will not recount them here. Essentially, in Silva I, this court reversed a summary judgment entered in Silva's favor holding that the use of the term "subsequent PIP benefits" in the PIP statute and the insurance policy means that an insured's unreasonable refusal to attend an independent medical examination ("IME") terminates the PIP carrier's liability for benefits subsequently payable upon the insurer's receipt of the medical bills, even though the treatment predated the IME cutoff date. We remanded this cause for entry of final judgment in favor of U.S. Security. Id. at 596.
During the appeal of Silva I, both parties moved for an award of appellate attorney's fees. U.S. Security's motion was based upon its rejected offer of judgment made to Silva pursuant to the offer of judgment statute, section 768.79, Florida Statutes (1993).[1] At that time, Silva never challenged the propriety of U.S. Security's entitlement to its fees as the prevailing party under section 768.79. Indeed, Silva filed no response to U.S. Security's motion. Thereafter, upon declaring U.S. Security to be the prevailing party, this court issued its order and mandate granting U.S. Security its appellate attorney's fees pursuant to section 768.79 and remanded this case to the trial court for its determination of a reasonable amount.
On the remand of this cause, U.S. Security thereafter similarly moved for an award of its trial attorney's fees pursuant to its same rejected offer of judgment. In response thereto and for the first time, Silva sought to challenge the applicability of the offer of judgment statute to PIP cases. The trial court awarded the insurer its attorney's fees pursuant to the offer of judgment statute, which the parties stipulated to be $100, and certified the question presented on this appeal.
We conclude that where Silva failed to raise the issue now posed on this appeal during the prior appeal of Silva I, this court's prior order and mandate awarding U.S. Security its fees pursuant to the offer of judgment statute necessarily became the law of this case so as to foreclose any relitigation of this issue on remand. See Barrero v. Ocean Bank, 24 Fla. L. Weekly D446, D447, 729 So.2d 412, 1999 WL 71766 (Fla. 3d DCA 1999); see also Canty v. State, 715 So.2d 1033, 1033 (Fla. 1st DCA 1998); Sloane v. Sloane, 625 So.2d 1236, 1237 (Fla. 4th DCA 1993); New England Ins. Co. v. International Bank of Miami, N.A., 537 So.2d 1025, 1025-26 (Fla. 3d DCA 1988).[2] This is so even where this court specifically was not asked to reach the issues presented here during the Silva I appeal. See S/D Enters., Inc. v. Chase Manhattan Bank, N.A., 375 So.2d 1109, 1111 (Fla. 3d DCA 1979) (holding "[a] prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the questions in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration.") (emphasis added); see generally 3 Fla. Jur.2d Appellate Review § 445 ("questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, even though the questions are not expressly treated in the opinion of the court, since there is a presumption that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion."); Id. (the law of the case doctrine applies "to questions actually or impliedly presented to *431 and decided by the reviewing court.") (emphasis added).
Accordingly, we leave the certified question unanswered on the merits and affirm the order under review.
Affirmed.
NOTES
[1] Silva's motion for fees was made pursuant to the applicable insurance statutes.
[2] As we said in Barrero, the doctrine of res judicata would likewise foreclose the litigation of this issue on remand. Barrero, 24 Fla. L. Weekly at D447 n. 5, 729 So.2d 412.