870 So.2d 225 (2004)
Ronald J. TIEDE and Commercial Insurance Specialists, Inc., Appellants,
v.
Tony SATTERFIELD and Reno Satterfield, his wife, Appellees.
No. 2D02-5566.
District Court of Appeal of Florida, Second District.
March 24, 2004.
*226 Michael S. Rywant and Burke G. Lopez of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellants.
*227 Raymond N. Seaford and Ken Ward of Law Office of Ken Ward, P.A., Tampa, for Appellees.
DAVIS, Judge.
Ronald J. Tiede and his employer, Commercial Insurance Specialists, Inc. (collectively "Appellants"), challenge the final judgment of the trial court granting Tony and Reno Satterfield attorney's fees and applying a contingency fee risk multiplier. The underlying cause of action stemmed from an incident in which Tony Satterfield sustained certain injuries when his van was struck from the rear by a vehicle driven by Tiede. Satterfield sued Tiede and Commercial, alleging that Commercial was liable as Tiede was driving within the scope of his employment. Additionally, Reno Satterfield, Tony's wife, filed a claim for loss of consortium.
During the litigation, the Satterfields made a joint offer to settle the case with Appellants for $463,000. However, the offer of judgment did not differentiate between the amount applicable to the consortium claim and the amount allocated for the injuries Tony Satterfield sustained. Appellants did not accept the offer, and the matter went to trial. At the conclusion of trial, the jury awarded the Satterfields damages totaling $1,300,797.36.
Based upon section 768.79, Florida Statutes (2000), the offer of judgment statute, the Satterfields moved for attorney's fees and costs. At the same time, Appellants filed their notice of appeal. The trial court found that the Satterfields were entitled to their fees, but it delayed determining the amount until the conclusion of the pending appeal. In 2001, this court affirmed the jury's verdict and the trial court's judgment amount. See Tiede v. Satterfield, 785 So.2d 490 (Fla. 2d DCA 2001) (table decision). In that appeal, the Satterfields moved for appellate attorney's fees, again basing their claim on the offer of judgment statute. Neither Tiede nor Commercial filed an objection or response to that motion, and this court granted the motion for fees in an amount to be determined by the trial court.
Upon this court's issuance of the mandate, the trial court undertook the task of determining the amount of fees. The Satterfields filed a motion with the trial court, seeking the application of a contingency fee risk multiplier, which the trial court granted. Ultimately, the trial court applied a multiplier of two and awarded attorney's fees in the amount of $327,011.92 after offsetting the gross award by sums previously paid by Appellants. It is this final judgment awarding attorney's fees that is now being appealed.
Appellants raise two issues on appeal. First, they argue that the trial court erred in finding that the Satterfields were entitled to fees based on the offer of judgment statute. The Appellants suggest that since the Satterfields' offer was a single amount that would have settled both the personal injury claim and the loss of consortium claim, the offer was insufficient under section 768.79. Secondly, Appellants challenge the use of the contingency risk multiplier in determining the amount of the fees.
The Satterfields argue that by awarding them attorney's fees, this court determined that the Satterfields' offer of judgment was sufficient and that this determination is now the law of the case. Accordingly, the Satterfields maintain that this court must affirm the trial court's determination of entitlement as the trial court was bound to follow the law of the case established by this court.
Under the law of the case doctrine, all questions of law decided by an appellate court become the law of the case *228 and, except in extraordinary circumstances, must be followed in subsequent proceedings in both the trial court and the appellate court. Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550 (Fla.1984). To determine whether the law of the case doctrine applies to this set of facts we first must address whether this court, by granting the Satterfields' unopposed motion for appellate attorney's fees, which was based on the offer of judgment, established the sufficiency of the offer as the law of the case.
In Silva v. U.S. Security Insurance Co., 734 So.2d 429 (Fla. 3d DCA 1999), the Third District addressed this issue in a factual setting similar to the one before us now. In that case, on a prior appeal (Silva I), the appellate court reversed a summary judgment that had been entered in favor of Silva and remanded for entry of final judgment in favor of U.S. Security. As a part of that initial appeal, the appellate court granted U.S. Security's unopposed motion for appellate attorney's fees, which was based on an offer of judgment. On remand, U.S. Security moved for trial court attorney's fees as well as a determination of the amount of appellate attorney's fees. Silva challenged the applicability of the offer of judgment statute to PIP cases; however, the trial court rejected the argument and awarded the fees. On appeal of the fee award, the Third District concluded that
where Silva failed to raise the issue now posed on this appeal during the prior appeal of Silva I, this court's prior order and mandate awarding U.S. Security its fees pursuant to the offer of judgment statute necessarily became the law of this case so as to foreclose any relitigation of this issue on remand.
Id. at 430 (citations omitted). Thus, our prior award here of appellate attorney's fees to the Satterfields established as law of the case the sufficiency of the offer of judgment.
However, under exceptional circumstances, the law of the case may be altered.
[A]n appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and ... an exception to the general rule binding the parties to "the law of the case" at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasonsand always, of course, only where "manifest injustice" will result from a strict and rigid adherence to the rule.
Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965) (quoting Beverly Beach Props., Inc. v. Nelson, 68 So.2d 604, 608 (Fla. 1953)). The Florida Supreme Court went on to say that an example of when an exception to the general rule could be considered is when an intervening decision is issued by a higher court that is contrary to the decision reached in the prior appeal. Id.
Here, this court granted the Satterfields' motion for appellate attorney's fees on February 23, 2001. However, the Florida Supreme Court subsequently determined that for an offer from multiple plaintiffs to invoke the provisions of the offer of judgment statute, the offer must apportion the total amount of the offer among the plaintiffs to allow the offeree the benefit of considering settlement with the individual offerors. Willis Shaw Express v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003).[1] This opinion directly conflicts *229 with the earlier decision by this court that the joint offer was sufficient and, accordingly, gives this court the opportunity to review this issue.
However, to alter the law of the case, we must look to see if the "strict adherence to the rule would result in `manifest injustice.'" Brunner Enters., Inc., 452 So.2d at 552-53 (quoting Strazzulla, 177 So.2d at 4). The issue of the sufficiency of the Satterfields' offer of judgment has never been subjected to a full review. At the time the trial court made its initial determination of entitlement based on the offer, this court had not issued an opinion regarding this issue. When this court previously granted the award of attorney's fees based on the offer of judgment statute, the issue was not litigated, and in fact, the decisions that invalidated such a joint offer were not issued until after that motion was granted. However, now that the matter is before us, the law of the State of Florida has been clearly established. Inasmuch as the trial court's initial order of entitlement was never subjected to appellate review, and in fact was not ripe for review until now, and considering the fact that the law of the case was determined in a cursory manner without the benefit of debate or consideration, it would be unjust to deprive the Appellants of appellate review of this issue. To do so would be to award fees on a basis that has been specifically rejected by the Florida Supreme Court. See Willis Shaw Express, 849 So.2d 276. We conclude that an exercise of our jurisdiction to alter the law of the case and apply the Willis Shaw Express ruling is justified in this case. Accordingly, we reverse the trial court's finding that the Satterfields are entitled to attorney's fees based on the offer of judgment statute.[2]
Because we reverse the finding of entitlement, we need not address the issue of the application of the contingency risk multiplier.
Reversed.
FULMER J., Concurs.
STRINGER, J., Concurs in result only with opinion.
STRINGER, J., Concurring in result only.
Although I agree that the order awarding attorney's fees under the offer of judgment statute should be reversed, I do not agree that our prior order awarding appellate attorney's fees established as law of the case the sufficiency of the offer of judgment. When Appellants failed to object to the Satterfields' motion for appellate attorney's fees pursuant to the offer of judgment, Appellants waived any further challenge to appellate attorney's fees. However, I believe that this court's determination of the Satterfields' entitlement to appellate attorney's fees did not constitute a ruling on the merits of the offer of judgment that would mandate the award of trial attorney's fees.
*230 At the time the Satterfields filed their motion for appellate attorney's fees, the trial court had already determined the issue of the Satterfields' entitlement to attorney's fees pursuant to the offer of judgment. The trial court had not yet entered an appealable final judgment on attorney's fees because the issue of the amount of fees remained pending. Thus, the issue of the propriety of the trial court's ruling on entitlement was not before this court at the time it considered the Satterfields' motion for appellate attorney's fees in the direct appeal of the jury verdict.
When this court ruled on the Satterfields' motion for appellate attorney's fees, it necessarily presumed the propriety of the offer of judgment based on the trial court's ruling on entitlement and the absence of any objection to the motion. If Appellants had objected to the Satterfields' motion for appellate attorney's fees, or if the issue of entitlement under the offer of judgment had not yet been decided by the trial court, this court would have granted the motion contingent upon a determination of entitlement below. Instead, this court granted the fees unconditionally.
Without question, Appellants' failure to object to the Satterfields' motion for appellate attorney's fees waived any later objection to this court's order awarding appellate attorney's fees. However, this court's order awarding appellate attorney's fees did not become law of the case for purposes of trial attorney's fees because this court did not decide, either explicitly or implicitly, the issue of the sufficiency of the offer of judgment under the statute. See Fla. Dep't of Transp. v. Juliano, 801 So.2d 101 (Fla.2001) (explaining the scope of the law of the case doctrine).
I believe that Silva v. U.S. Security Insurance Co., 734 So.2d 429 (Fla. 3d DCA 1999), is distinguishable because the trial court in Silva had not determined entitlement to attorney's fees prior to the appeal. Furthermore, I am not convinced that Silva is correct even on its facts. The issue of entitlement to attorney's fees pursuant to the offer of judgment statute presents factual issues that are not properly determined by an appellate court. Thus, when an appellate court considers a motion for attorney's fees pursuant to the offer of judgment statute, it can only, at best, assume the validity of the offer of judgment. It is for this reason that appellate courts generally grant such motions contingent upon a determination of entitlement in the trial court.
Barrero v. Ocean Bank, 729 So.2d 412 (Fla. 3d DCA 1999), as relied upon by Silva, does not support the determination that a district court's ruling on appellate attorney's fees establishes as law of the case the sufficiency of the offer of judgment. The Barrero court simply held that a party waives any further challenge to appellate attorney's fees by failing to object to the opposing party's motion for appellate attorney's fees in the district court. Id. at 414. The Barrero court did not address the issue of whether the award of appellate attorney's fees pursuant to an offer of judgment established as law of the case the sufficiency of the offer so as to mandate the award of trial attorney's fees.
NOTES
[1] Willis Shaw Express resolved the conflict between this court's opinion in Allstate Insurance Co. v. Materiale, 787 So.2d 173 (Fla. 2d DCA 2001), and the opinions in Flight Express, Inc. v. Robinson, 736 So.2d 796 (Fla. 3d DCA 1999), and Spruce Creek Development Co. of Ocala, Inc. v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999). Although the Materiale decision determined that such an offer was insufficient, the opinion was not issued until May 11, 2001, after this court awarded appellate attorney's fees to the Satterfields.
[2] In reversing the trial court's order, we observe that the trial court was not in error to follow the law of the case based on our granting of appellate attorney's fees. The trial court does not have the authority to change the law of the case as this opinion has done. See Brunner Enters., Inc., 452 So.2d at 552 ("`[T]he judgment of an appellate court, where it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act.' O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130, 131 (Fla.1974).").