924 So.2d 834 (2005)
SPECIALTY RESTAURANTS CORPORATION, Appellant,
v.
Mike ELLIOTT; Mike Elliott & Company, Inc., a Florida corporation; HomeSellers Realty, Inc., a Florida corporation, Santo Carollo; and Commercial Group Realty, Inc., a Florida corporation, Appellees.
No. 2D05-1821.
District Court of Appeal of Florida, Second District.
December 28, 2005.
Rehearing Denied April 11, 2006.
*836 Heath A. Denoncourt and Kennedy G.M. Mather of Hinshaw & Culbertson LLP, Tampa, for Appellant.
Gregory T. Elliott of Elliott-Burger, P.A., St. Pete Beach, for Appellees.
PER CURIAM.
Specialty Restaurants Corporation ("SRC") appeals from an order determining that it is not entitled to an award of attorney's fees and costs under a proposal for settlement it served on Mike Elliott; Mike Elliott & Company; HomeSellers Realty, Inc.; Santo Carollo; and Commercial Group Realty, Inc. (together "Appellees") pursuant to section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442. The trial court entered the order at issue on remand from an order of this court which granted SRC's motion for appellate attorney's fees based on the proposal for settlement. SRC argues that the trial court erred in refusing to comply with this court's order awarding appellate attorney's fees. SRC also argues that it is entitled to an award of trial court attorney's fees as well because this court's order finding entitlement to appellate attorney's fees based on the proposal for settlement became the law of the case on the issue of the enforceability of that proposal. We affirm in part and reverse in part.
Appellees, plaintiffs below, brought the underlying action against SRC alleging that they were entitled to a real estate commission for the sale of certain real property owned and subsequently sold by SRC. SRC filed two separate motions for summary judgmentone against Santo Carollo, HomeSellers Realty, and Commercial Group Realty, and one against Mike Elliott and Mike Elliott & Company. SRC also filed a motion for trial court attorney's fees and costs, alleging entitlement under five alternative legal theories, one of which was the proposal for settlement. The trial court granted both of SRC's motions for summary judgment, but only Mike Elliott and Mike Elliott & Company appealed. The trial court agreed to stay the hearing on SRC's motion for attorney's fees and costs against all Appellees pending the outcome of Mike Elliott and Mike Elliott & Company's appeal.
On appeal, this court affirmed the summary judgment in favor of SRC as to all claims brought by Mike Elliott and Mike Elliott & Company. SRC filed a motion seeking appellate attorney's fees and costs based on the proposal for settlement and also seeking costs pursuant to section 57.041, Florida Statutes (1997).[1] Although the appellate motion referenced SRC's trial court motion for attorney's fees and costs, it did not seek attorney's fees on any basis other than the proposal for settlement. Mike Elliott and Mike Elliott & Company served a response in opposition to SRC's motion for appellate attorney's fees alleging that the motion was facially insufficient because it failed to state a substantive basis for entitlement. The response *837 did not challenge the legal sufficiency of the proposal for settlement.
This court granted SRC's motion for appellate attorney's fees based on the unchallenged proposal for settlement.[2] This court's order granting SRC's motion for appellate attorney's fees remanded the case to the trial court for the limited purpose of determining the amount of fees. The order awarding appellate attorney's fees stated, in its entirety, "Appellee's motion for attorney's fees is granted in an amount to be set by the trial court."
On remand, the trial court initially entered an order determining that SRC was entitled to attorney's fees and costs in both the trial court and on appeal based on the proposal for settlement. The trial court also determined that SRC was entitled to costs pursuant to section 57.041. However, before the trial court could make a determination as to the amount of attorney's fees and costs to be awarded, Appellees filed a motion to reconsider, arguing for the first time that the proposal for settlement was legally insufficient because it did not apportion the offer among the plaintiffs. The trial court agreed with Appellees' argument and entered an order vacating the portion of the order that determined entitlement pursuant to the proposal for settlement, leaving SRC with solely an award of costs pursuant to section 57.041.
On appeal, SRC argues that the trial court erred in refusing to award attorney's fees and costs pursuant to the proposal for settlement because this court's order awarding appellate attorney's fees found entitlement to fees under the proposal for settlement and this ruling became the law of the case on the issue of the enforceability of that proposal. We agree and reverse as to appellees Mike Elliott and Mike Elliott & Company on this basis. However, we affirm as to appellees HomeSellers Realty, Santo Carollo, and Commercial Group Realty because they were not parties to the earlier appeal.
When successive appeals are taken in the same case, the law of the case doctrine applies. Under the law of the case doctrine, questions of law that have actually been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings. Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001); Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc., 832 So.2d 810, 813 (Fla. 2d DCA 2002). This doctrine includes not only issues explicitly ruled upon by the court, but also those issues which were implicitly addressed or necessarily considered by the appellate court's decision. Juliano, 801 So.2d at 106. Thus, absent extraordinary circumstances, the ruling of this court in the earlier appeal was binding on the trial court on remand and on this court in the present appeal. See Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550, 552 (Fla.1984). However, the ruling applies only as between the same parties.
[W]hatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case....
Fla. Real Estate Comm'n v. McGregor, 336 So.2d 1156, 1161 (Fla.1976) (Hatchett, J., dissenting) (quoting 2 Fla. Jur. Appeals § 398 (1963)).
*838 Based on these general principles, it is clear that the trial court did not err in granting the motion to reconsider and in vacating the award of attorney's fees and costs as to appellees HomeSellers Realty, Santo Carollo, and Commercial Group Realty. Because they were not parties to the earlier appeal, this court's earlier ruling did not become law of the case as to them and therefore is not binding upon them.
The same is not true, however, as to Mike Elliott and Mike Elliott & Company. Both Mike Elliott and Mike Elliott & Company were parties to the appeal in which this court entered the order at issue awarding appellate attorney's fees. Thus, absent extraordinary circumstances, this court's earlier order which implicitly found the proposal for settlement enforceable is binding on these appellees.
As an initial matter, Mike Elliott and Mike Elliott & Company argue that this court lacks jurisdiction to review the order granting Appellees' motion to reconsider on direct appeal. Mike Elliott and Mike Elliott & Company argue that the proper vehicle for review should have been by motion in this court pursuant to Florida Rule of Appellate Procedure 9.400(c), which provides that the review of appellate attorney's fee orders rendered by the trial court pursuant to a remand from the appellate court "shall be by motion filed in the [appellate] court within 30 days of rendition." In this case, SRC has sought review of an appellate attorney's fee order rendered by the trial court pursuant to a remand from this court, but the appellate attorney's fee award is not the only issue on review of this order. Accordingly, we have jurisdiction to review the order granting Appellees' motion to reconsider on direct appeal under a limited exception explained by the Fourth District in Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983).
Turning to the merits, we note that there is no question that the trial court erred in refusing to award SRC its appellate attorney's fees and costs. This court granted SRC's motion seeking appellate attorney's fees and remanded for the trial court to determine solely the amount of those fees. On remand, the trial court is required to follow this court's mandate without further consideration. Tiede v. Satterfield, 870 So.2d 225, 227-28 (Fla. 2d DCA 2004); Toledo v. Hillsborough County Hosp. Auth., 747 So.2d 958, 960 (Fla. 2d DCA 1999). By granting Appellees' motion to reconsider and determining that SRC is not entitled to appellate attorney's fees, the trial court clearly violated a settled principle of law requiring it to follow the mandate of this court. Therefore, we must reverse and remand for entry of an award of appellate attorney's fees on this basis.
The issue of whether SRC is entitled to its trial court attorney's fees and costs pursuant to the proposal for settlement is more complicated. Although it is certainly not clear from the face of this court's order awarding appellate attorney's fees, we hold that this earlier order became the law of the case on the issue of the enforceability of the proposal for settlement and entitlement to trial court attorney's fees and costs under that proposal. This holding is amply supported by this court's decision in Tiede.
In Tiede, this court held that its earlier award of appellate attorney's fees pursuant to an offer of judgment[3] established the sufficiency and enforceability of the *839 offer as the law of the case. 870 So.2d at 228. There, the defendants sought review of a jury verdict in a personal injury action. Id. at 227. After entry of the final judgment below, the plaintiffs filed a motion for attorney's fees and costs pursuant to an offer of judgment they had previously served pursuant to section 768.79. The trial court entered an order determining that the plaintiffs were entitled to their fees but delayed determining the amount of fees until the appeal of the verdict was resolved.
On appeal, this court affirmed the jury's verdict and granted the plaintiffs' motion for appellate attorney's fees pursuant to their offer of judgment. The defendants did not file a response or otherwise object to the motion for appellate attorney's fees. On remand, the trial court complied with this court's mandate and awarded both trial court and appellate attorney's fees pursuant to the offer of judgment. The defendants then sought review of the final order awarding fees, arguing that the offer of judgment was legally insufficient because it was not apportioned between the two different claims encompassed in the action.
This court adopted the plaintiffs' argument that the award of appellate attorney's fees in the earlier appeal established the sufficiency and enforceability of the offer of judgment as the law of the case. Id. at 228. This court held that by awarding fees pursuant to the offer of judgment, this court necessarily determined the legal sufficiency of the offer of judgment, and that determination of legal sufficiency was binding on the trial court in any subsequent proceedings.
Under this court's reasoning in Tiede, our earlier award of appellate attorney's fees to SRC established the legal sufficiency of the proposal for settlement as the law of the case. Thus, the trial court erred in granting Appellees' motion to reconsider and determining that SRC was not entitled to trial court attorney's fees and costs based on the legal insufficiency of the proposal for settlement.
We recognize that in Tiede this court decided that it was appropriate to alter the law of the case based on a supreme court decision that was issued after the award of appellate attorney's fees had been made. Id. at 229. In doing so, this court explained that a strict application of the law of the case under those circumstances would result in a manifest injustice.
When this court previously granted the award of attorney's fees based on the offer of judgment statute, the issue was not litigated, and in fact, the decisions that invalidated such a joint offer were not issued until after that motion was granted. However, now that the matter is before us, the law of the State of Florida has been clearly established.
Id.
The same situation is not present in this case, and therefore we decline to alter the law of this case. Here, no new supreme court authority concerning the propriety of apportioning proposals for settlement was issued between the time this court awarded appellate attorney's fees and consideration of the issue by the trial court on remand. Rather, the authority upon which Mike Elliott and Mike Elliott & Company rely to establish the legal insufficiency of the proposal, Allstate Indemnity Co. v. Hingson, 808 So.2d 197 (Fla.2002), was issued on January 17, 2002, well before this court awarded SRC its appellate attorney's fees on August 27, 2003. Thus, the basis under which this court altered the law of the case in Tiede is simply not present here.
Furthermore, we are unable to discern any other basis on which to alter the law of *840 the case. While it may seem inequitable to hold Mike Elliott and Mike Elliott & Company responsible for SRC's attorney's fees and costs based on a legally insufficient proposal for settlement, Mike Elliott and Mike Elliott & Company simply did not avail themselves of the opportunity to challenge the legal sufficiency of the proposal for settlement at the proper time.
Because this court granted SRC's motion for appellate attorney's fees, the trial court erred in denying these fees to SRC on remand. In addition, because this court implicitly found the proposal for settlement to be enforceable in the earlier appeal, that ruling became the law of the case, and the trial court was not authorized to deviate from it by finding the proposal for settlement unenforceable on remand. Accordingly, SRC is entitled to an award of its trial court attorney's fees and costs against Mike Elliott and Mike Elliott & Company as well.
Affirmed in part; reversed in part; and remanded.
CASANUEVA and CANADY, JJ., Concur.
STRINGER, J., Concurs in part and dissents in part.
STRINGER, Judge, Concurring in part and dissenting in part.
I fully concur with the majority's decision to affirm as to HomeSellers Realty, Santo Carollo, and Commercial Group Realty because they were not parties to the earlier appeal. I also concur with the majority's decision to reverse as to Mike Elliott and Mike Elliott & Company's responsibility for appellate attorney's fees because this court's order awarding SRC appellate attorney's fees established entitlement to appellate attorney's fees and the trial court was not permitted to deviate from this order.
However, for the reasons expressed in my specially concurring opinion in Tiede, I do not agree that this court's order awarding SRC appellate attorney's fees established the legal sufficiency and enforceability of the proposal for settlement for purposes of an award of trial court attorney's fees and costs. Thus, I would affirm as to Mike Elliott and Mike Elliott & Company's responsibility for trial court attorney's fees and costs.
NOTES
[1] Section 57.041 provides for an award of costs to the party recovering judgment.
[2] This court did not grant SRC's motion for appellate costs, presumably because the proper forum for seeking appellate costs is the trial court. See Fla. R.App. P. 9.400(a).
[3] At the time the offer was made in Tiede, Florida Rule of Civil Procedure 1.442 referred to such offers as "offers of judgment." It has since been amended to refer to such offers as "proposals for settlement."