963 So.2d 802 (2007)
David E. BORACK, Appellant,
v.
Robert J. OROVITZ, and Robert J. Orovitz, P.A., d/b/a Hayt, Hayt & Landau, P.A., Appellees.
No. 3D06-1841.
District Court of Appeal of Florida, Third District.
August 1, 2007.
Rehearing Denied September 26, 2007.
Vincent F. Vaccarella, and Jordan M. Keusch, Aventura, and David E. Borack, for appellant.
Silver, Garvett & Henkel, Miami; Hersch & Talisman, and Patrice A. Talisman, Coconut Grove, for appellees.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
RAMIREZ, J.
David E. Borack appeals a judgment that awarded appellees Robert J. Orovitz, and Robert J. Orovitz, P.A., d/b/a Hayt, Hayt & Landau, P.A., attorney's fees and costs. We affirm because the law of the case doctrine bars this Court's reconsideration of Borack's entitlement to attorney's fees.
Borack is a former law partner of Hayt, Hayt & Landau, P.A., who sued the firm for a determination of monies the firm owed him based upon Borack's termination of involvement with that firm and the parties' Shareholder Agreement. The trial court entered judgment in Borack's favor in the sum of $128,402.54. The firm appealed in the first of three appeals.
In the first appeal, this Court reversed the judgment and remanded the cause with directions that the trial court enter judgment in a reduced amount.[1] This Court also granted Orovitz's motion for *804 appellate attorney's fees and remanded the cause to the trial court to fix the amount. Borack moved for rehearing of this Court's order awarding fees, or clarification of this Court's opinion, which this Court denied. Upon remand on May 30, 2006, the trial court granted Orovitz's motion for trial level and appellate attorney's fees.
Borack then sought review of the award of appellate attorney's fees in this Court on June 29, 2006, under rule 9.400(c), Florida Rules of Appellate Procedure. This was over one year after our opinion had issued. We denied the motion. On July 13, 2006, the trial court entered its final judgment, and it awarded trial level and appellate attorney's fees and costs, with prejudgment interest, in the firm's favor. Borack now appeals this final judgment to this Court. Borack raises numerous arguments in this appeal, at the center of which he argues that the award of attorney's fees is an invalid one because the award of fees is based upon an unenforceable settlement agreement, the same issue raised in his rule 9.400(c) motion.
We do not agree that Borack is now entitled to relief. As the second district stated in Specialty Restaurants Corp. v. Elliott, 924 So.2d 834 (Fla. 2d DCA 2005), the law of the case doctrine stands for the proposition that "questions of law that have actually been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings." Id. at 837. This doctrine includes issues "explicitly ruled on by the court" and issues "which were implicitly addressed or necessarily considered by the appellate court's decision." Id. The trial court here awarded appellate attorney's fees, and this Court denied Borack's rule 9.400(c) request to review the award and thereby affirmed the award. The trial court's award of trial level attorney's fees also requires the same result.
The law of the case doctrine likewise rejects Borack's argument that this case is an exception to the law of the case doctrine. He argues that an exception lies here where the Florida Supreme Court's decision in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), invalidated this Court's decision to grant Orovitz's motion for fees. This Court, however, already rejected this argument when it denied Borack's rule 9.400(c) motion in which he raised the same argument.
We therefore affirm the award entered in Orovitz's favor.
NOTES
[1] Orovitz v. Borack, 904 So.2d 519 (Fla. 3d DCA 2005).