# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2339
Lower Tribunal No. 18-1100
_____

**Brenda Klepach Abrams, etc.,**
Appellant,

vs.

**Steve L. Waserstein, etc.,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Brenda Klepach Abrams, in proper person.

Waserstein & Nunez, PLLC, Carlos Nunez-Vivas and Catherine Shannon Christie, for appellee.

Before EMAS, LOGUE and GORDO, JJ.

GORDO, J.

Brenda Klepach Abrams ("Abrams"), a non-interested person, challenges eight separate trial court orders entered in a guardianship proceeding.[1] We conclude the appeals were either untimely or sought review of nonfinal, non-appealable orders in which Abrams lacks standing to bring suit. As such, we dismiss this appeal for lack of jurisdiction.

We dismiss Abrams' appeal of the order discharging a rule to show cause for lack of jurisdiction as the amended notice of appeal referencing the order was untimely filed. See Bramblett v. State, 15 So. 3d 839, 841 (Fla. 1st DCA 2009) (finding appellant's subsequent amendment of the notice of appeal to include a different order after thirty days "did not remedy the untimeliness of the notice of appeal or confer jurisdiction upon this court").

Next, we turn to the order denying Abrams' petition for authority to occupy the ward's homestead. Abrams claims this order is appealable

---

[1] Abrams seeks to appeal: (1) an order denying Abrams' petition for authority to occupy the ward's homestead; (2) an order denying Abrams' petition to determine status of repairs to the ward's homestead; (3) an order denying rehearing on those petitions; (4) an order on Abrams' petition for access to the ward's homestead; (5) an order denying Abrams' amended petition to determine Abrams is an interested person with a right to notice of copies of pleadings pursuant to Florida Probate Rule 5.060; (6) an order approving the Guardian's annual accounting report; (7) an order approving an annual guardianship plan; and (8) an order discharging a rule to show cause.

pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) because it determines an immediate right to possession of homestead property.

The Florida Supreme Court has mandated that we narrowly interpret rule 9.130 so as to "restrict the number of appealable nonfinal orders." Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla.1984). To be appealable pursuant to rule 9.130(a)(3)(C)(ii) the subject order must "**directly determine** the **immediate** right to possession of property." Profile Invs., Inc. v. Delta Prop. Mgmt., Inc., 957 So. 2d 70, 70 (Fla. 1st DCA 2007) (emphasis added). When we are "analyzing whether we have jurisdiction to review a non-final order under rule 9.130(a)(3)(C) – i.e., whether the non-final order has made the requisite determination so as to trigger the rule's applicability – this Court looks to the four corners of the challenged order, not to the arguments made in the underlying motion." Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) (emphasis omitted).

The order at issue denied Abrams' petition and stated:

> The evidence presented at various hearings is that the house is in grave disrepair and that the ward will not return to reside there. Consequently, the homestead is to be sold and the funds used to support the ward. Dr. Abrams seeks to compel the expenditure of large amount of the ward's funds to renovate the house for Dr. Abrams' own benefit. That will not occur, and Dr. Abrams will never again live in the house unless she purchases it in a fair market sale.

3

While the order provides the homestead will be sold, the trial court did not expressly enter an order directing the homestead property be sold until over two months after entry of the instant order. That order is the subject of a pending separate appeal before this Court. Thus, while the instant order denied Abrams the authority to reside at the ward's homestead, it does not directly determine an immediate right to possession of the property. The instant order does not determine an immediate right to the property because it simply reasserts the trial court's position from previously entered orders. Those orders, entered over a year before the instant order, determined that Abrams cannot occupy the homestead and resulted in the issuance of a writ of possession granting the Guardian exclusive possession to the property. Those orders and the writ of possession were per curiam affirmed by this Court. See Abrams v. In re Klepach, 316 So. 3d 311 (Fla. 3d DCA 2020). Thus, we dismiss the appeal of this order for lack of jurisdiction as it is a nonfinal, non-appealable order.

Finally, we also dismiss Abrams' appeal of the remaining orders because Abrams lacks standing to pursue these appeals under Florida Rule of Appellate Procedure 9.170(b). Pursuant to Florida Rule of Appellate Procedure 9.170(b), "[e]xcept for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases

4

shall be limited to orders that finally determine a right or obligation of an **interested person** as defined in the Florida Probate Code." (emphasis added). The trial court has already found, and this Court affirmed, that Abrams is not an "interested person" in this guardianship proceeding due to her own improper conduct. See Abrams v. Klepach, 320 So. 3d 999, 1000 (Fla. 3d DCA 2021); In re Guardianship of Martino, 313 So. 3d 687, 691 (Fla. 2d DCA 2020) (finding appellant "squandered her privilege to 'interested person' status by her own inappropriate conduct" and therefore divested herself of standing to object in the guardianship proceeding). Accordingly, Abrams, a non-interested person, lacks standing to appeal these trial court orders. See Borack v. Orovitz, 963 So. 2d 802, 804 (Fla. 3d DCA 2007) ("'[Q]uestions of law that have actually been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings.'" (quoting Specialty Restaurants Corp. v. Elliott, 924 So. 2d 834, 837 (Fla. 2d DCA 2005))).

Dismissed.