963 So.2d 869 (2007)
Roberto A. GOMES, Appellant,
v.
BOATARAMA, INC., a Florida corporation, et al., Appellees.
No. 3D06-2045.
District Court of Appeal of Florida, Third District.
August 15, 2007.
Adorno & Yoss, LLP, and Jack R. Reiter, and Robert B. Macaulay, Miami, for appellant.
Robert C. Maland, Miami, for appellees.
Before GERSTEN, C.J., and FLETCHER, and SUAREZ, JJ.
GERSTEN, C.J.
Roberto Gomes ("Gomes") appeals the trial court's adverse judgment concerning a settlement agreement. Because the trial court deviated from the terms of the settlement agreement, we reverse.
In this settlement agreement, Boatarama, Inc. ("Boatarama") agreed to sell Gomes a boat with a "Bluebook" value of $400,000 to $800,000. The Bluebook is the boating industry's standard valuation guide. Boatarama further agreed to discount the Bluebook's listed price by $250,000. Gomes would then pay Boatarama the difference.
Boatarama located a boat, a 2002 Searay, which met the parameters of the settlement agreement. Boatarama contacted Gomes, and then it bought the boat. Although Gomes approved of the boat, the parties did not yet agree on the boat's exact value.
*870 The settlement agreement further provided that if the parties disputed the boat's value, each could contact an appraiser. The appraisers would determine the boat's condition, and designate whether the boat should be valued by the Bluebook's low, medium, or high category. Ultimately, the parties each contacted separate appraisers.
Although the appraisers agreed that the boat was in excellent condition, they could not agree on which of the Bluebook's three different valuation categories to use. The Bluebook's three valuation categories varied somewhat from the valuation categories in the settlement agreement.
The Bluebook labels its three valuation categories as low, high and code. The settlement agreement, however, lists the categories as low, medium, and high. Therefore, the only real issue for the trial court to resolve was the dispute over whether to use the Bluebook's "high" or "code" category to determine the boat's value.
After hearing from both parties' appraisers regarding the terminology ambiguity, the trial court determined the boat's value was $641,720. Then, the trial court used the 2006 Bluebook's "code" value, added a 10% condition adjustment and added transportation and storage costs. We conclude the trial court deviated from the terms of the settlement agreement.
Because the settlement agreement did not include the term "code" but does include a "high" category, and because the settlement agreement did not include an option to add any adjustments or additional costs, we reverse. We therefore reverse and remand with instructions that the trial court enter a final judgment that reflects the 2006 Bluebook's "high" value of a 2002 Searay, with no adjustments.
Reversed and remanded with instructions.