CORTINAS, J.
 

 Appellants, Boatarama, Inc. and Wilfred A. Bost, II, a/k/a Wilfred A. Bost, seek review of the order entered by the trial court following our mandate in
 
 Gomes v. Boatarama, Inc.,
 
 963 So.2d 869 (Fla. 3d DCA 2007)
 
 (“Gomes I”).
 

 Boatarama and Gomes entered into a settlement agreement wherein Boatarama agreed to sell Gomes a boat with a “Blue Book” value between $400,000 and $800,000. Pursuant to the agreement, Boatarama would discount the Blue Book’s listed price by $250,000. After finding a boat that met the criteria of the settlement agreement, Boatarama contacted Gomes. While the boat was satisfactory to Gomes, the parties were unable to agree on the boat’s value. Given the date of execution of the settlement agreement, the appropriate value of the boat would have been found in the 2006 ABOS Blue Book. The 2006 Blue Book, however, did not contain a listing for the specific boat at issue.
 

 In an effort to resolve the dispute over the boat’s value and pursuant to the terms of the settlement agreement, the parties each contacted an appraiser to determine the condition of the boat and decide whether the boat should be valued in accordance with the Blue Book’s “low,” “medium,” or “high” categories. In contrast to the settlement agreement, however, the actual categories contained in the Blue Book were “low,” “high,” and “code.” The appraisers agreed that the boat was in excellent condition but disagreed as to the value of the boat.
 

 The trial court initially conducted a hearing to ascertain the value of the boat and each party presented their appraiser. There were three documents presented to the court that were of particular significance to the trial court’s determination of the boat’s value. These documents included the 2005 Blue Book listing for the boat (“2005 Listing”), a print-out from the ABOS Electronic Marine Blue Book 2005 Model Year (the “Printout”) and an excerpt obtained by Gomes from an editor at
 
 *581
 
 Blue Book demonstrating what the 2006 Blue Book valuation for the boat would have been (the “Excerpt”). The Excerpt provided a “code” value of $574,750 and a “high” value of $475,000 for the subject boat. After hearing from the appraisers and reviewing the documents before it, the court determined that the boat’s value was $641,720, a price reflected in the Printout.
 
 [1]
 
 The court further substantiated its decision to use the amount of $641,720 by stating that it began with the “code” value of $574,750 set forth in the Excerpt, added ten percent for the condition of the boat as allowed by the Blue Book, and arrived at the amount of $632,225. The trial court then noted that the amount was “pretty close to the $641,720,” explaining that it also took into consideration transportation and storage costs and therefore “allowed the ... Blue Book value of $641,720.” On appeal, this Court held:
 

 [T]he trial court determined the boat’s value was $641,720. Then, the trial court used the 2006 Bluebook’s “code” value, added a 10% condition adjustment and added transportation and storage costs. We conclude the trial court deviated from the terms of the settlement agreement.
 

 Because the settlement agreement did not include the term “code” but does include a “high” category, and because the settlement agreement did not include an option to add any adjustments or additional costs, we reverse. We therefore reverse and remand with instructions that the trial court enter a final judgment that reflects the 2006 Bluebook’s “high” value of a 2002 Searay, with no adjustments.
 

 Gomes I,
 
 963 So.2d at 870. (emphasis added).
 

 The dispute now before us arises out of the references in
 
 Gomes I
 
 to the “2006 Bluebook’s ‘code’ value” and the “2006 Bluebook’s ‘high’ value.” While there was no 2006 Blue Book value for the subject boat, it is obvious that the “2006 Blue-book’s ‘code’ ” and “high” values in
 
 Gomes I
 
 referred to the “code” and “high” values set forth in the Excerpt. The trial court made clear that the “code” value in the Excerpt was the $574,750 number to which it added ten percent and additional costs. In fact, in
 
 Gomes I,
 
 Boatarama asserted in its answer brief that “[t]he trial court properly utilized the base published Blue Book value figure of $574,750 submitted by ... [Gomes] and then appropriately added a ‘Gomes-friendly’ upward condition adjustment of approximately 10%, in conformity with the formula allowed in the Blue Book, in arriving at a Blue Book total value of $641,720.” Moreover, the Excerpt was the only document before this Court in
 
 Gomes I
 
 which contained a $574,750 value.
 

 Appellants never contested the validity of the court’s use of the $574,750 “code” value taken from the Excerpt. The same Excerpt was ultimately used again by the trial court when it followed our mandate and entered a final judgment reflecting the “high” value of the boat. Because the appellants never challenged the trial court’s use of the Excerpt in determining the value of the boat in
 
 Gomes I,
 
 they are now bound by the law of the case doctrine.
 

 [T]he law of the case doctrine stands for the proposition that “questions of law that have actually been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings.” This doctrine includes “issues explicitly ruled [upon] by the court” and issues
 
 *582
 
 “which were implicitly addressed or necessarily considered by the appellate court’s decision.”
 

 Borack v. Orovitz,
 
 963 So.2d 802, 804 (Fla. 3d DCA 2007) (quoting
 
 Specialty Rest. Corp. v. Elliott,
 
 924 So.2d 834, 837 (Fla. 2d DCA 2005)).
 

 Based upon the foregoing, the court properly utilized the “high” value of $475,000 set forth in the Excerpt and we affirm the order on appeal.
 

 Affirmed.
 

 [1]
 

 . This amount was $80 less than the amount set forth in the 2005 Listing.