# Third District Court of Appeal

**State of Florida**

Opinion filed September 10, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-2807
Lower Tribunal No. 05-11845
_____


**Tony Arce,**
Appellant/Cross-Appellee,

vs.

**Wackenhut Corp.,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Sina Negahbani, for appellant/cross-appellee.

Akerman LLP and Christine L. Welstead, for appellee/cross-appellant.


Before WELLS, EMAS and FERNANDEZ, JJ.

EMAS, J.

Tony Arce ("Arce") seeks reversal of an order awarding appellate attorney's fees and costs in favor of Wackenhut Corporation ("Wackenhut"). Wackenhut cross-appeals, seeking reversal of the lower court's order vacating a prior order determining it was entitled to trial court fees and costs. For the reasons that follow, we affirm the lower court's order awarding appellate fees and costs in favor of Wackenhut, and reverse the lower court's order vacating the trial fees entitlement order, and remand for further proceedings.

**FACTS**

Arce was employed by Wackenhut from March 2003, until he resigned on July 22, 2003. According to Arce, he was routinely praised and commended for his work performance with Wackenhut until after he had given notice of his resignation, at which time he was reprimanded for exhibiting an ongoing pattern of substandard work.

In September 2003, Arce applied for employment with the Federal Bureau of Investigation ("FBI") and was conditionally accepted for employment in May 2004, pending a background and employment history check. In June 2004, the FBI rescinded Arce's employment offer, citing problems uncovered with his employment history.

After allegedly learning that Wackenhut had made "blatantly false and derogatory statements to the FBI" about him, Arce filed suit against Wackenhut for

2

defamation and tortious interference with an employment contract. Wackenhut denied any wrongdoing and served a proposal for settlement on March 2, 2006, in the amount of $1,500.00. Arce never responded to the proposal for settlement, and on October 30, 2008, summary judgment was entered in favor of Wackenhut and against Arce on all claims, with prejudice.

Arce appealed. During the pendency of the appeal, Wackenhut moved for an award of trial court attorney's fees and costs, pursuant to its proposal for settlement, for which the lower court granted entitlement on August 26, 2009 (the "entitlement order").

On August 31, 2010, the appeal was concluded and this Court affirmed the summary judgment in Wackenhut's favor. This Court also granted Wackenhut's motion for appellate attorney's fees and costs, remanding the cause to the trial court "to fix amount."[1] Thereafter, Wackenhut filed a motion with the trial court to determine the amount of both the trial court fees (for which an entitlement order had already been entered) and appellate attorney's fees and costs (which this Court had granted and remanded to the trial court to fix the amount to be awarded). An evidentiary hearing was held on March 15, 2012, at which time the trial court

---

[1] Wackenhut's motion for appellate fees and costs was also based on its proposal for settlement. Arce did not respond or object to Wackenhut's motion for appellate attorney's fees and costs filed in this Court; nor did Arce seek rehearing or clarification following this Court's issuance of the order, which granted the motion and remanded to the trial court to fix the amount of fees and costs.

directed Arce to submit a motion to vacate the entitlement order and a written memorandum of law regarding the court's authority to vacate the trial attorney's fees entitlement order and to deny costs and fees due to the lack of good faith of Wackenhut's proposal for settlement. [2]

Up until this point, Arce had never filed any response or objection to Wackenhut's two motions for attorney's fees and costs, either with the trial court or with this Court. However, after the hearing on the motion to determine the amount of fees and costs, and at the trial court's direction, Arce filed, on March 16, 2012, a motion to vacate the trial fees entitlement order on the basis that the proposal for settlement was not made in good faith. The trial court granted the motion to vacate, finding the nominal proposal for settlement was not made in good faith.[3]

---

[2] The trial fees entitlement order had been entered by Judge Ronald Friedman; the subsequent hearings were conducted by a successor judge.

[3] Though not necessary to our disposition, the trial court made its finding of lack of good faith based in part on a determination that the offer was a nominal amount; Wackenhut could reasonably have expected Arce to reject such a nominal offer; and that equitable considerations of Arce's "penniless" condition favored a disallowance of any fee award. These are not valid considerations for a determination of lack of good faith. See Fox v. McCaw Cellular Commc'ns of Fla., Inc., 745 So. 2d 330 (Fla. 4th DCA 1998) (fact that offer was a nominal amount not in and of itself valid basis for concluding offer not made in good faith); Dep't of Hwy. Safety & Motor Vehicles v. Weinstein, 747 So. 2d 1010 (Fla. 3d DCA 1999) (relevant consideration is state of mind of offeror at time of offer, not whether offeree is likely to reject offer).

At a subsequent hearing, the trial court determined the reasonable amount of appellate fees and costs and rendered its final order awarding same, stating that it was doing so only because it believed it had no other choice given the appellate court's order granting appellate fees and costs and remanding for the trial court to "fix [the] amount." The trial court further stated that if it had "any discretion or authority to deny the [appellate] costs and fees sought by [Wackenhut], given the equities and circumstances of the case, the Court would deny any relief to [Wackenhut]."

Arce appealed, asserting that the trial court on remand could (and should) have disallowed Wackenhut's appellate fees and costs once the trial court determined that the proposal for settlement was not made in good faith. Arce maintains that the trial court had the authority to do so despite this Court's granting appellate fees and remanding for the trial court "to fix amount." Wackenhut contends that Arce waived this argument by failing to object, respond, or otherwise raise the claim of lack of good faith with this Court when Wackenhut initially moved for appellate fees and costs, and in failing to seek rehearing or clarification of this Court's order granting the motion and remanding for the trial court to fix the amount.

Wackenhut cross-appeals the trial court's order vacating the prior entitlement order, asserting the trial court was bound by the law of the case

5

following this Court's order granting appellate fees, remanding to fix amount, and issuance of the mandate.

**ANALYSIS**

We begin with an analysis of the pertinent law in the area of offers of judgment in Florida. Pursuant to section 768.79, Florida Statutes (2006):

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
> . . .
> (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good

6

faith. In such case, the court may disallow an award of costs and attorney's fees.

(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:

1. The then apparent merit or lack of merit in the claim.

2. The number and nature of offers made by the parties.

3. The closeness of questions of fact and law at issue.

4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.

5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Similarly, Florida Rule of Civil Procedure 1.442 provides:

(a) Applicability. This rule applies to all proposals for settlement authorized by Florida law, regardless of the terms used to refer to such offers, demands, or proposals, and supersedes all other provisions of the rules and statutes that may be inconsistent with this rule.

. . .

(h) Costs and Fees.

(1) If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys' fees.

(2) When determining the reasonableness of the amount of an award of attorneys' fees pursuant to this section, the

7

court shall consider, along with all other relevant criteria, the following factors:

(A) The then-apparent merit or lack of merit in the claim.

(B) The number and nature of proposals made by the parties.

(C) The closeness of questions of fact and law at issue.

(D) Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal.

(E) Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.

(F) The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.

Once the offeror establishes a right to entitlement, the trial court may in its discretion disallow an award of fees and costs if it determines that the proposal was not made in good faith. See TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606 (Fla. 1995). It is the burden of the offeree (in this case, Arce) to establish a lack of good faith on the part of the offeror (Wackenhut) before the court may disallow an award to which an offeror is otherwise entitled. Camejo v. Smith, 774 So. 2d 28, 29 (Fla. 2d DCA 2000).[4]

It is evident from a plain reading of the statute and the rule that the issue of good faith is not a factor to be considered by the court in determining the amount

_____

[4] Even if the trial court could properly have considered and determined that the proposal for settlement was not made in good faith, the correct procedure would not have been to vacate the earlier order of entitlement, but rather to enter a subsequent order disallowing the award notwithstanding entitlement.

and reasonableness of the fees and costs to be awarded. The statute and rule enumerate six factors which the court may consider; lack of good faith is not among them. [5] Therefore, it is not procedurally appropriate for an offeree to raise lack of good faith for the first time at a hearing being held to fix the amount of the fees.

While we agree with Arce that a claim of lack of good faith is not ripe unless and until an offeror establishes entitlement to a fee award, we disagree with Arce's contention, under the circumstances of this case, that he was permitted to raise this claim at a hearing ordered for the purpose of fixing the amount of fees and costs.[6]

---

[5] Although the statute and rule provide that the court shall consider the enumerated factors "along with all other relevant criteria", we conclude, based upon the history of the statute and the rule, that lack of good faith is not a relevant criterion that can be considered at the hearing to determine the reasonableness of the amount of fees. See, In re Amendments to Florida Rules of Civil Procedure, 682 So. 2d 105 (Fla. 1996).

[6] Beyond the terms of the statute and rule, logic and common sense dictate that the issue of good faith should be determined well in advance of a hearing to fix the amount of the award. Considerable time, money and resources are often spent in advance of a hearing to fix the amount of fees and costs, including retaining experts, taking depositions, engaging in other discovery, and preparation for the amount hearing. It would make little sense to expend these resources only to allow the offeree, at that same hearing, to attempt for the first time to raise a lack of good faith (which if established could result in a disallowance of fees and costs). It would appear the trial court has the discretion to trifurcate the process (separate hearings on entitlement, lack of good faith, and amount) or bifurcate the process (single hearing initially addressing entitlement and then lack of good faith, followed by a subsequent hearing on amount). If the trial court chooses to combine entitlement and good faith in a single hearing, the parties should be notified of this in advance to provide the offeree an adequate opportunity to raise the claim of lack of good faith and the offeror an adequate opportunity to prepare

9

The record before this Court establishes that Arce failed to respond or object to Wackenhut's motion for appellate fees and costs. Arce contends he did not file any pleading in response to Wackenhut's motion because he was not contesting statutory entitlement (which he concedes Wackenhut established). Rather, Arce asserts, he sought to contest the good faith nature of the proposal, and intended to do so at the subsequent hearing before the trial court.[7] We cannot say that Arce's position at that procedural point was unreasonable.

However, once this Court issued its order granting the motion and remanding with the single directive to the trial court "to fix [the] amount" of fees and costs, Arce acted at his own peril in failing to seek rehearing, reconsideration or clarification whether this Court's order foreclosed his ability to raise lack of good faith on remand. In failing to seek a clarification of this Court's order, Arce and the trial court were bound by the plain meaning of the order, and the mandate that followed, which implicitly and necessarily excluded any consideration of lack of good faith and became law of the case. Barrero v. Ocean Bank, 729 So. 2d 412 (Fla. 3d DCA 1999). The trial court correctly determined that, in light of this Court's order, Arce could not raise, and the trial court could not consider, Arce's claim of lack of good faith.

to contest such claim at a combined hearing.

[7] It is worth noting that the trial court's entitlement order (on trial fees and costs) had been entered in August 2009 and Arce did not raise the issue of lack of good faith (as to either order) until March 2012.

10

Our reasoning also disposes of the cross-appeal. Because our order granting fees and costs for the appeal, and remanding for the trial court to fix amount, necessarily determined the issue of good faith (in the absence of an objection by Arce and the failure to seek rehearing or clarification) the law of the case binds the trial court as to any claimed lack of good faith on the issue of trial fees and costs as well. See Silva v. U.S. Sec. Ins. Co., 734 So. 2d 429 (Fla. 3d DCA 1999). See also, Specialty Restaurants Corp. v. Elliot, 924 So. 2d 834, 837 (Fla. 2d DCA 2005) (noting "this doctrine includes not only issues explicitly ruled upon by the court, but also those issues which were implicitly addressed or necessarily considered by the appellate court's decision").

We therefore affirm the order awarding appellate attorney's fees and costs. We reverse the order vacating the order of entitlement to trial court attorney's fees and costs, and remand with instructions to reinstate the order of entitlement and to hold a hearing to fix the amount of fees and costs without consideration of any claim of lack of good faith.

Affirmed in part, reversed in part, and remanded with directions.

11