**Sandra Tiziana Tristano CASTIGLIONI, etc., Appellant,**

v.

**Sergio PINO, Appellee.**

No. 3D16–396.

District Court of Appeal of Florida, Third District.

Nov. 23, 2016.

Damian & Valori, Melissa D. Visconti and Melanie E. Damian, for appellant.

Herron Ortiz, Andrew R. Herron and Charles Brumby, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

338

PER CURIAM.

Affirmed. *See* Fla. R. Civ. P. 1.442(h)(1); § 768.79(7)(a), Fla. Stat. (2011) (providing that "[i]f a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."); *Arce v. Wackenhut Corp.*, 146 So.3d 1236 (Fla. 3d DCA 2014) (holding that the burden is on the offeree to establish a lack of good faith on the part of the offeror before the trial court may disallow an award to which an offeror is otherwise entitled under a proposal for settlement). Compare Fla. R. Civ. P. 1.442(h)(2); § 768.79(7)(b), Fla. Stat. (2011) (providing that "[w]hen determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors: 1. The then apparent merit or lack of merit in the claim.... 3. The closeness of questions of fact and law at issue.... 4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of the offer.")